**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRYAN FLORIAN,

    Plaintiff,
v.                                                         Case No. 18-13352

UNITED STATES,

    Defendant.
                                              /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING THE COMPLAINT WITH PREJUDICE**

Pending before the court is a Motion to Dismiss filed by Defendant United States and a Motion to Amend filed by Plaintiff Bryan Florian. Plaintiff asserts that amendment will cure the filing defect raised in Defendant's Motion to Dismiss. Defendant asserts that amendment of the complaint is futile because the statute of limitations on Plaintiff's claims has run. These motions have been fully briefed, and the court concludes that a hearing is not necessary. *See* E.D. Mich. 7.1(f)(2). For the reasons stated below, the court will deny Plaintiff's Motion to Amend and grant Defendant's Motion to Dismiss.

**I. BACKGROUND**

Plaintiff brings claim under the Federal Tort Claims Act ("FTCA") for negligence and medical malpractice stemming from the care he received at the Ann Arbor Veterans Affairs Medical Center beginning in April 2014. Plaintiff received notice of final administrative denial of his claims on April 26, 2018. (ECF No 1-3), and he filed his complaint on October 26, 2018—the last day of his six-month filing window pursuant to 28 U.S.C. § 2401(b). Defendant moves to dismiss the complaint with prejudice because

it does not contain an affidavit of merit as required by Michigan's malpractice statute, M.C.L. § 600.2912. Additionally, Defendant asserts that amendment would be futile because the statute of limitations on Plaintiff's claims has run and Plaintiff is not eligible for equitable tolling under Michigan law. (ECF No. 8, PageID 43.) In his Motion to Amend, Plaintiff asserts that amendment to include a recently obtained affidavit of merit will cure his filing defect.

## II. STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Smith v. Tipton Cty. Bd. of Educ.*, 916 F.3d 548, 551–52 (6th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'" *New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336

2

F.3d 495, 501 (6th Cir. 2003) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)).

In determining whether to grant a Rule 12(b)(6) motion, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *United States v. Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 830 (6th Cir. 2018) (quoting *Twombly*, 550 U.S. at 570). The court does not, however, "accept as true . . . 'legal conclusions or unwarranted factual inferences.'" *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Federal Rule of Civil Procedure 15(a)(1) authorizes amendment of pleadings as a matter of right within 21 days of service. When, as here, a party seeks to amend a pleading outside of the time to amend as a matter of right, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors that may affect this determination include undue delay in filing, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by previous amendment, or futility of amendment by the moving party. *See Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation omitted). The ultimate decision to grant or deny leave to amend a pleading is left to the sound discretion of the district court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

### III. ANALYSIS

Plaintiff's claims arise under the FTCA. Under the FTCA, "liability on the part of the federal government . . . is determined in accordance with the law of the state where

3

the event giving rise to liability occurred." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995) (citing 28 U.S.C. §§ 1346(b), 2674). This means that "liability of the federal government is determined by the law of the State in which the incident occurred." *Whittington v. United States*, 99 F. App'x 56, 58 (6th Cir. 2004). Plaintiff's claims arose in Michigan, so the court applies Michigan substantive law but the federal statute of limitations established by 28 U.S.C. § 2401. *See Kimbrell v. United States*, 306 F.2d 98, 99 (6th Cir. 1962) (quoting *Md. ex rel. Burkhardt v. United States*, 165 F.2d 869, 871 (4th Cir. 1947) ("[T]he purpose and effect of the language of the [FTCA] is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability.")).

Michigan medical malpractice law requires a plaintiff to submit an affidavit of merit with the complaint. *See* M.C.L. § 600.2912d (1). A complaint filed without an affidavit of merit does not toll the statute of limitations for a plaintiff's claims. *See Scarsella v. Pollak*, 607 N.W.2d 711, 713 (Mich. 2000). Here, Plaintiff filed his complaint on the last day of his six-month statute of limitations under 28 U.S.C. § 2401(b). Michigan law plainly states that in such circumstances, a plaintiff cannot escape dismissal with prejudice by amending a complaint to include an affidavit of merit after the statute of limitations has run:

> [F]or statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit. . . . Furthermore, because the complaint without an affidavit was insufficient to commence plaintiff's malpractice action, it did not toll the period of limitation.
>
> Plaintiff contends that he should have been allowed to amend his . . . complaint by appending the untimely affidavit of merit. He reasons that such

4

an amendment would relate back, see M.C.R. 2.118(D), making timely the newly completed complaint. We reject this argument for the reason that it effectively repeals the statutory affidavit of merit requirement.

*Scarsella*, 607 N.W.2d at 713 (internal citations omitted); *see also Tolbert v. United States*, No. 17-10273, 2017 WL 6539254 at *8–10 (E.D. Mich. Dec. 21, 2017) (Tarnow, J.) (dismissing with prejudice a Michigan medical malpractice claim under the FTCA where the plaintiff failed to submit an affidavit of merit within six months of receiving final notice of denial).

Plaintiff does not address this controlling Michigan law in either his response to Defendant's motion or in his own Motion to Amend. Michigan law is clear that Plaintiff cannot cure a defective complaint filed without an affidavit of merit after the statute of limitations has run. The statute of limitations for Plaintiff's FTCA claims expired on the date that he filed his complaint, October 26, 2018. Therefore, amendment would be futile, and the court will deny Plaintiff's Motion to Amend because the statute of limitations has run. For these reasons, the court will also grant Defendant's Motion to Dismiss. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 8) is GRANTED. The complaint is dismissed WITH PREJUDICE.

s/Robert H. Cleland<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: May 29, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 29, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-13352.FLORIAN.FTCA.grant.mtd.deny.amendment.HEK.docx